528 A.2d 980

**COMMONWEALTH of Pennsylvania**

**v.**

**Russell WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 11, 1987.

Filed July 13, 1987.

Judith A. Calkin, Harrisburg, for appellant.

Todd B. Narvol, Assistant District Attorney, Harrisburg, for Com., appellee.

Before CAVANAUGH, ROWLEY and MONTGOMERY, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

Appellant was convicted of third degree murder following a jury trial and was sentenced to nine to twenty years imprisonment. A direct appeal was taken to the Superior Court which affirmed the judgment of sentence on December 30, 1983. (No. 291 Harrisburg, 1982). A petition for allowance of appeal to the Pennsylvania Supreme Court was denied on February 21, 1985. (No. 39 M.D. Allocatur 1984). Appellant then filed a petition for Writ of Habeas Corpus in the United States District Court, but the petition was denied. The Third Circuit Court of Appeals denied certification to appeal the District Court's order. Thereafter, appellant filed a Post Conviction Hearing Act petition [1] and counsel was appointed. The PCHA petition was denied without a hearing. The instant appeal is from the denial of the PCHA petition. We affirm.

Appellant raises three issues on appeal: 1) whether trial counsel was ineffective for failing to object when the Commonwealth struck all the black veniremen from the jury panel; 2) whether trial counsel was ineffective for failing to object to the Commonwealth's plea of surprise; and 3) whether trial counsel was ineffective for failing to insist that the court make a definitive ruling concerning the admissibility of a testimonial reference to a polygraph. The second and third issues have been adequately discussed and correctly decided by the trial court. Therefore, we do not address them. The first issue raised by appellant, however, is one of first impression in the appellate courts of this Commonwealth.

In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court re-examined the rule first established in *Swain v. Alabama*, 380

---

1. 42 Pa.C.S. § 9541 *et seq.* Hereafter, PCHA.

U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) concerning the evidentiary burden of one who claims that the government's use of peremptory challenges was racially discriminatory. In *Swain,* the Court held that there was a presumption that the prosecution properly exercised his peremptory challenges, and that to rebut the presumption, the defendant had to prove a pattern in numerous cases of the prosecution's use of peremptory challenges to strike veniremen of a particular race. However, in *Batson,* the Court changed this rule and held that to make out a prima facie case of intentional discrimination in jury selection, the defendant must establish that he is a member of a cognizable racial group and that the prosecution used peremptory challenges to remove from the venire members of the defendant's race. The defendant can then rely on the presumption that peremptory challenges to veniremen permit discrimination by those inclined to do so, and thereby establish that the facts and relevant circumstances raise the inference in his case that the prosecutor used the peremptory challenges to discriminate intentionally. *Id.,* at ——, 106 S.Ct. at 1723, 90 L.Ed.2d at 87. The Supreme Court's ruling in *Batson* has been held to apply retroactively in Pennsylvania to all cases pending on direct appeal from convictions which were not final when *Batson* was decided. *Commonwealth v. McCormick,* 359 Pa.Super. 461, 519 A.2d 442 (1986). Appellant argues that we should extend the retroactivity holding of *McCormick* to apply even to collateral review of a conviction which was final when *Batson* was decided.

In *Allen v. Hardy,* —— U.S. ——, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) which was decided after *Batson* but before *McCormick,* the U.S. Supreme Court held that *Batson* does not apply retroactively to collateral review of convictions that became final before *Batson* was announced. In *McCormick* we did not follow *Allen* in part because *Allen* addressed the question of retroactive application of *Batson* to final convictions whereas *McCormick* involved only the issue of retroactive application of *Batson* to cases not yet final when *Batson* was announced. We

also did not follow *Allen* because the United States Supreme Court's decisions on retroactivity are not binding on a state court, *Commonwealth v. Geschwendt*, 500 Pa. 120, 454 A.2d 991 (1982), and because we disagreed with some of the conclusions reached in *Allen*. *McCormick, Id.*, 359 Pa.Superior Ct. at 470, 519 A.2d at 447. However, we are in accord with the United States Supreme Court's analysis in *Allen* regarding the effect on the administration of justice of retroactive application of *Batson* to collateral review of final convictions.

In *Allen*, the Supreme Court stated:

Retroactive application would require trial courts to hold hearings, often years after the conviction became final, to determine whether the defendant's proof concerning the prosecutor's exercise of challenges established a prima facie case of discrimination. Where a defendant made out a prima facie case, the court then would be required to ask the prosecutor to explain his reasons for the challenges, a task that would be impossible in virtually every case since the prosecutor, relying on *Swain*, would have had no reason to think such an explanation would someday be necessary. Many final convictions therefore would be vacated, with retrial "hampered by problems of lost evidence, faulty memory, and missing witnesses." *Solem v. Stumes, supra*, 465 U.S. [638], at 650, 104 S.Ct. [1338], at 1345 [79 L.Ed.2d 579]; see also *Linkletter v. Walker*, 381 U.S. [618], at 637, 85 S.Ct. [1731], at 1742 [14 L.Ed.2d 601].

*Allen, Id.*, at ——, 106 S.Ct. at 2881, 92 L.Ed.2d at 205. These problems enunciated by the Supreme Court as resulting from the passage of time between final conviction and collateral review of the conviction distinguish those cases raising the *Batson* issue in a case not yet final when *Batson* was decided, and those raising the issue only upon collateral review of the conviction. The detrimental impact on the administration of justice warrants denying retroactive application of *Batson* to cases raising the issue only on collateral review of the final conviction. Therefore, we are

inclined to follow the Supreme Court's decision in *Allen* and preclude application of *Batson* to collateral review of convictions which were final when *Batson* was decided.

However, regardless of whether *Batson* is applicable to cases on collateral review of convictions which were final when *Batson* was decided, appellant has failed to demonstrate that he is eligible for collateral relief.

■ To be eligible for relief under the PCHA, a person must demonstrate that the error resulting in his conviction and sentence has not been finally litigated or waived. 42 Pa.C.S. § 9543(4). An issue has been finally litigated if:

(1) It has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling.

(2) The Superior Court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals.

(3) The Supreme Court has ruled on the merits of the issue.

42 Pa.C.S. § 9544(a). An issue has been waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding actually conducted or in a prior proceeding actually initiated under this subchapter.

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

42 Pa.C.S. § 9544(b). The ineffectiveness of counsel in failing to raise an issue constitutes extraordinary circumstances. *Commonwealth v. Smallwood,* 497 Pa. 476, 442 A.2d 222 (1982).

■ In the case presently before us, the issue of the use of peremptory challenges has been raised for the first time in appellant's PCHA petition. Thus appellant will be eligible for relief only if he can demonstrate that his coun-

sel was ineffective for failing to raise the *Batson* issue. Although appellant argues that his trial counsel was ineffective for failing to raise the *Batson* issue, despite appellant's requests that counsel raise the issue, we will not find counsel to have been ineffective for failing to anticipate the new rule announced in *Batson*. The Pennsylvania Supreme Court has stated that "counsel will not be deemed ineffective for failing to predict future developments in the law," *Commonwealth v. Triplett*, 476 Pa. 83, 89, 381 A.2d 877, 881 (1977), and that counsel is not expected to predict that the law will be changed. *Commonwealth v. Garrity*, 509 Pa. 46, 55, 500 A.2d 1106, 1111 (1985). Thus appellant has failed to demonstrate that he is eligible for relief under the PCHA.

Because appellant has failed to show that he is eligible for relief on collateral review of his final conviction, and because there are compelling reasons not to apply the Supreme Court's decision in *Batson* to collateral review of convictions which were final when *Batson* was decided, we affirm the trial court's order.

Order Affirmed.