644 A.2d 1167

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Rodney Lawrence GRIFFIN, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 3, 1993.

Decided July 5, 1994.

450

Hugh A. Donaghue, Havertown, for appellant.

William H. Ryan, Jr., Dist. Atty., Robert A. Graci, Chief Deputy Atty. Gen., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

MONTEMURO, Justice.

On April 17, 1984, Appellant, Rodney Lawrence Griffin, was arrested and charged with the murder of Ellen Lewis, aggravated assault, criminal conspiracy, and various weapons offenses. The Court of Common Pleas of Delaware County granted Appellant's pre-trial motion for a change of venire,

and a jury was empaneled in Montgomery County to serve as the trial jury in Delaware County. On October 10, 1984, the jury convicted Appellant of first degree murder and criminal conspiracy. The jury subsequently sentenced Appellant to death.

Appellant's trial counsel filed post-verdict motions which were denied en banc by the Court of Common Pleas of Delaware County. At the formal sentencing proceeding on August 5, 1985, Appellant attempted to file, nunc pro tunc, pro se supplemental post-verdict motions challenging effectiveness of counsel. The trial court treated these motions as a Post–Conviction Hearing Act (PCHA) petition, 42 Pa.C.S.A. §§ 9541–9551, explaining its decision to do so as follows:

Defendant has filed pro se supplemental post-verdict motions in which he contends that his trial counsel was ineffective. Although these motions were filed when defendant was represented by counsel, and well-beyond the ten-day period permitted by Pa.R.Crim.P. 1123, the court concluded that in the interests of justice, the motions would nonetheless be received and treated as a PCHA petition. We decided on this course of action in view of the fact that the defendant has been sentenced to death and because the allegations in the motions relate exclusively to the issue of defendant's trial counsel's ineffectiveness. If we dismissed defendant's motions because they were not timely filed, this would merely result in their being refiled as a PCHA petition. No useful purpose would be served in summarily dismissing defendant's pro se effort to obtain some form of post-verdict relief.

Trial Court Opinion, December 20, 1985 at 6. Although Appellant has stated, conclusorily and without further explanation that the trial court's decision was unfair, he has never contested the propriety of its action, even in the instant appeal.

Pursuant to the decision to hear Appellant's claims as a prayer for post conviction relief, the trial court held a formal PCHA hearing at which Appellant represented himself, with a member of the Delaware County Public Defender's office

acting as stand-by counsel. By opinion and order of December 20, 1985, the Court of Common Pleas of Delaware County denied Appellant's PCHA petition. On direct appeal, we affirmed Appellant's convictions and sentence of death, *Commonwealth v. Griffin*, 511 Pa. 553, 515 A.2d 865 (1986), and a warrant was issued authorizing Appellant's execution.

On June 10, 1991, Appellant filed the instant petition for post-conviction relief pursuant to the Post–Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 et seq., and on June 11, 1991, Appellant's execution was stayed pending disposition of his PCRA petition. On March 11, 1992, the Court of Common Pleas of Delaware County issued an order and opinion dismissing Appellant's PCRA petition. Appellant appealed to the Superior Court, which transferred the appeal to the Supreme Court pursuant to Pa.R.A.P. 751.

On appeal, Appellant claims his trial counsel was ineffective in four areas. First, Appellant contends trial counsel was ineffective for failing to object to the use of peremptory strikes by the prosecutor. Second, Appellant asserts trial counsel was ineffective for not submitting particular voir dire questions regarding racial bias. Third, Appellant argues trial counsel was ineffective for not objecting to a jury instruction regarding a plea agreement between the Commonwealth and a Commonwealth witness. Fourth, Appellant contends trial counsel was ineffective for failing to object to portions of the prosecution's closing argument. Preliminarily, however, we must determine whether Appellant's claims have been preserved for our review.

## I. PRESERVATION OF ISSUES

In addressing whether Appellant's claims have been preserved properly, two issues are raised. First, what is the standard of review, and second, has Appellant waived his claims of ineffective counsel? The standard of review depends upon whether Appellant's PCRA petition is his first or second application for post-conviction relief. Resolution of this issue establishes the standard by which we assess the issue of

waiver. A more lenient standard of review is applied to first PCRA petitions than is applied to second PCRA petitions.

## A. STANDARD OF REVIEW

Our discussion begins with an analysis of the 1985 trial court's treatment of Appellant's pro se supplemental post-verdict motions as a PCHA petition. We note that the trial court had the authority to take such action pursuant to Pa.R.Crim.P. 2, which requires that the rules "be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." In this case, had the trial court dismissed Appellant's post-verdict motion, Appellant could have simply refiled them as a PCHA petition. Furthermore, as we noted earlier, Appellant has never contested the action of the trial court, either in the direct or the instant appeal.[1]

The 1992 trial court decided to treat the instant PCRA petition as Appellant's first, not second, application for post-conviction relief, "because the precise nature of defendant's supplemental post-verdict motion leaves some question as to whether or not it can be categorized as an initial post-conviction petition for purposes of asserting trial counsel's ineffectiveness." Trial Court Opinion, March 11, 1992 at 7. Appellant, apparently relying on the 1992 trial court's conclusion, also treats this PCRA petition as his first, and does not raise it as an issue on appeal to this Court. Appellee, on the other hand, refers to the instant petition as Appellant's second application for post-conviction relief in its brief. However, Appellee does not address the appropriate standard of review, and instead jumps directly to the issue of waiver.

■ As a technical matter, the instant PCRA petition is Appellant's second application for post-conviction relief. The 1992 trial court erred by treating the instant petition as Appellant's first application. However, we believe it would be unfair to assess Appellant's petition as his second post-convic-

---

1. On direct appeal, we merely noted the action of the trial court but did not address its wisdom. *Griffin*, 511 Pa. 553, 558, 515 A.2d 865, 867.

tion relief attempt for several reasons. First, the 1992 trial court opinion and the briefs of the parties reveal their confusion regarding this issue. Second, Appellant has apparently relied upon the 1992 trial court's treatment of his petition, and has neither contested nor briefed the issue. These reasons, combined with the severity of Appellant's sentence, compel us to review Appellant's petition as if it were his first application for post-conviction relief.

### B. WAIVER

In order to preserve claims of ineffectiveness of counsel under the PCRA, the claims must be raised at the earliest stage in the proceedings at which the allegedly ineffective counsel is no longer representing the claimant. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Otherwise, any assertions of ineffectiveness are waived. *Commonwealth v. McNeal*, 493 Pa. 395, 426 A.2d 606 (1981). However, because we are treating Appellant's PCRA petition as his first application for post-conviction relief,[2] if Appellant demonstrates "extraordinary circumstances," then a reviewing court will not find waiver. *Id.* at 398 n. 2, 426 A.2d at 608 n. 2. "The allegation that all counsel below and on prior appeals or P.C.H.A. petitions were ineffective constitutes 'extraordinary circumstances.' " *Id.* at 398 n. 2, 426 A.2d at 608 n. 2.

In this case, the particular claims of ineffectiveness of counsel raised by Appellant were not raised at the earliest possible stage; specifically, in Appellant's pro se supplemental post-verdict motions.[3] However, Appellant attempts to avoid

2. If we had treated Appellant's PCRA petition as his second application for post-conviction relief, "the mere assertion of ineffective assistance of counsel is not sufficient to override the waiver and ... [a] repetitive or serial petition may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice." *Commonwealth v. Lawson*, 519 Pa. 504, 513–514, 549 A.2d 107, 112 (1988).

3. In his pro se motions, Appellant raised the ineffectiveness of trial counsel concerning counsel's failure to call certain witnesses to testify at trial; his failure to use a particular diagram; his failure to request the jury be permitted to view the scene of the crime; his failure to introduce evidence of a bank fraud scheme; and his failure to conduct thorough cross-examinations.

waiver of these claims by asserting the ineffectiveness of all prior counsel, which includes himself and stand-by counsel, with regard to the pro se supplemental post-verdict motions and related hearing. Therein lies the flaw in Appellant's claims on appeal.

The Superior Court has consistently held that claims of ineffective assistance of counsel are not cognizable during post-trial proceedings, including the PCHA, when the claimant has previously insisted on self-representation. *Commonwealth v. Sims*, 379 Pa.Super. 252, 549 A.2d 1280 (1988), *alloc. den.* 521 Pa. 630, 558 A.2d 532 (1989); *Commonwealth v. Glessner*, 337 Pa.Super. 140, 486 A.2d 521 (1985); *Commonwealth v. Andrews*, 282 Pa.Super. 115, 422 A.2d 855 (1980). Having knowingly and voluntarily waived the right to counsel, an appellant is not permitted to "rely upon his own lack of legal expertise as a ground for a new trial." *Commonwealth v. Celijewski*, 324 Pa.Super. 185, 190, 471 A.2d 525, 528 (1984).

For example, in *Commonwealth v. Sims*, 379 Pa.Super. 252, 549 A.2d 1280 (1988), the defendant acted as his own counsel during trial, with stand-by counsel available for consultation. The defendant appealed from an order denying relief under the PCHA asserting, among other things, ineffective assistance of counsel. The Superior Court refused "to address appellant's assertion that stand-by counsel was ineffective. Appellant cannot shift the responsibility for his performance to stand-by counsel." *Sims*, 379 Pa.Super. at 257, 549 A.2d at 1282.

To date, we have not addressed the validity of the Superior Court's determination on this point under either the PCHA or PCRA. However, this Court has addressed the dangers and consequences associated with self-representation. *Commonwealth v. Szuchon*, 506 Pa. 228, 484 A.2d 1365 (1984). In *Szuchon*, the appellant was found guilty of first degree murder and sentenced to death. On direct appeal to this Court, the appellant asserted, among other claims, that he was denied effective assistance of counsel. The appellant argued that his court-appointed counsel only had one week to prepare for

trial, which was per se inadequate. *Id.* at 248, 484 A.2d at 1375.

This Court disagreed, finding that the so-called lack of preparation time was due to the dilatory tactics of the appellant. We stated:

> Where a defendant knowingly and intelligently waives his right to counsel ... the defendant must be prepared to accept the consequences of his choice ... In the instant case, the record makes it exceedingly clear that appellant knowingly and intelligently, and with full explanation and understanding of the consequences, insisted on this right to be tried ... Being fully aware that court appointed counsel had only a limited time for preparation of his defense, appellant cannot be heard to bemoan the effectiveness of counsels' representation due to lack of preparation ... To hold otherwise would create a situation wherein a defendant, by design, could build into his case ineffective assistance of counsel claims, thus guaranteeing himself a basis for a new trial if the verdict were adverse to him.

*Id.* at 250, 484 A.2d at 1377.

We see no reason not to adopt the Superior Court's disposition of this issue as our own. Furthermore, we see no distinction, and today do not choose to define one, which would permit a different policy for judgements of sentence imposing the death penalty. In light of the severity of Appellant's sentence, however, we will discuss the merits of Appellant's claims of ineffectiveness of counsel.

## II. INEFFECTIVENESS OF COUNSEL

In order to establish eligibility for PCRA relief, Appellant is required to prove, among other things, that his conviction or sentence resulted from one or more of the causes enumerated in Section 9543(a)(2). 42 Pa.C.S.A. § 9543. In the instant appeal, Appellant asserts his conviction or sentence resulted from ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii).

The standard of review for ineffectiveness of counsel claims is well-settled. Appellant must establish that the underlying claim is of arguable merit, counsel's course of action lacked any reasonable basis for advancing his client's interests, and Appellant has suffered prejudice as a result. *Commonwealth v. Cross,* 535 Pa. 38, 41, 634 A.2d 173, 175 (1994); *Commonwealth v. Brightwell,* 492 Pa. 424, 426, 424 A.2d 1263, 1264 (1981). The law presumes that counsel was effective and the burden of proving otherwise lies with Appellant. *Commonwealth v. Miller,* 494 Pa. 229, 233, 431 A.2d 233, 235 (1981).

## A. FAILURE TO OBJECT TO THE USE OF PEREMPTORY STRIKES

■ Appellant first contends trial counsel was ineffective for failing to object to the use of peremptory strikes by the prosecutor. Appellant asserts the prosecutor deliberately used his peremptory strikes to exclude all blacks from the jury, with the exception of one alternate juror. In support of his claim, Appellant relies on *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), even though he concedes that *Batson* was not decided until after his conviction. Essentially, Appellant is asking this Court to equate the *Batson* standard for reviewing discrimination in the use of peremptory strikes with the earlier standard of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). This we cannot do.

*Swain* and *Batson* apply different evidentiary standards and place the burden of proof on different parties. *Allen v. Hardy,* 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986). In *Swain,* the Supreme Court held that a prosecutor was presumed to have properly exercised his peremptory challenges. In order to rebut that presumption, the defendant had to establish a pattern of discrimination by relying on cases other than his own where the prosecution had used peremptory strikes. Under *Batson,* a defendant may establish a prima facie case of intentional discrimination in jury selection by establishing he is a member of a cognizable racial group, the prosecution used peremptory challenges to remove jurors of

the defendant's race, and the facts and relevant circumstances of the case raise an inference that the prosecutor used peremptory challenges to discriminate intentionally. *Batson,* 476 U.S. at 96, 106 S.Ct. at 1722. Once the defendant makes a prima facie case, "the burden shifts to the State to come forward with a neutral explanation for challenging black jurors." *Id.* at 97, 106 S.Ct. at 1723. Thus, the two standards cannot be equated.

■ Furthermore, even assuming Appellant is entitled to raise a *Batson* claim on collateral review,[4] it is clear from our review of the record that no constitutional violation was committed. In this case Appellant is black, and the prosecution did use peremptory challenges to remove two blacks, James Howard and Gene Spady, from the jury venire. However, the facts and relevant circumstances contradict Appellant's assertion that the prosecutor used peremptory challenges to discriminate intentionally. At his second post-conviction hearing, Appellant testified that he did not want Mr. Howard on the jury, and had so advised his trial counsel. N.T., October 3, 1991, at 30–31. Trial counsel cannot be deemed ineffective for acquiescing to Appellant's request.

■ Concerning Mr. Spady, Appellant made no recommendation to his trial counsel. However, had Mr. Spady been chosen to sit on the jury, he would only have been an alternate juror because twelve individuals had already been chosen.

---

4. The Commonwealth cites *Allen v. Hardy,* 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) and *Commonwealth v. Williams,* 364 Pa.Super. 630, 528 A.2d 980 (1987) to support its contention that *Batson* is unavailable to a defendant on collateral review of a final decision. *See also Commonwealth v. Green,* 365 Pa.Super. 142, 529 A.2d 13 (1987); *Commonwealth v. Garnett,* 418 Pa.Super. 58, 613 A.2d 569 (1992), *alloc. den.,* 533 Pa. 630, 621 A.2d 577 (1993). Although our resolution of Appellant's claim does not require us to express an opinion on the propriety of this conclusion, we do note that the Commonwealth has overstated the holding of these cases. *Allen* and *Williams* hold that *"Batson* should not be applied retroactively on collateral review of convictions that became final *before* our opinion was announced." *Allen,* 478 U.S. at 258, 106 S.Ct. at 2879; *Williams,* 364 Pa.Super. at 634–635, 528 A.2d at 982 (emphasis added). Appellant's conviction, although handed down by the jury before *Batson* was decided, did not become final until five months after *Batson.*

Furthermore, because no alternate juror was called on to deliberate on Appellant's case, Appellant was not prejudiced by Mr. Spady's exclusion.

■ Not only does Appellant fail to establish a prima facie case of intentional discrimination, but the prosecutor has a neutral explanation regarding the use of peremptory strikes. The record from Appellant's second PCRA hearing reveals that the prosecutor struck Mr. Howard and Mr. Spady from the jury venire because of their reluctance to impose the death penalty. N.T., October 3, 1991 at 92, 94. The prosecutor also testified that Mr. Spady was struck because he was relatively young and only had a short employment history, qualities which the Commonwealth viewed as undesirable. N.T., October 3, 1991 at 94.

Thus, because Appellant's underlying *Batson* claim has no merit, Appellant cannot argue his counsel was ineffective. Consequently, Appellant is not entitled to PCRA relief.

### B. FAILURE TO SUBMIT VOIR DIRE QUESTIONS ON RACIAL BIAS

Appellant next contends that trial counsel was ineffective for not submitting particular voir dire questions regarding racial bias. Appellant asserts that because he was black, he had a federal constitutional, state constitutional, and statutory right to inquire into a prospective juror's racial bias. Appellant also asserts that because one juror informed the trial judge that he might have trouble being impartial, every member of the jury venire should have been questioned on this point.[5] This argument is meritless.

■ Initially, we note that voir dire examination regarding racial bias is not required in every case which involves a black defendant. *Compare Commonwealth v. Courts*, 317 Pa.Super. 271, 463 A.2d 1190 (1983) *with Commonwealth v. Brown*, 464 Pa. 625, 347 A.2d 716 (1975) *and Commonwealth v. Christian*, 480 Pa. 131, 389 A.2d 545 (1978). Furthermore, trial counsel articulated a reasonable basis for not pursuing

5. This juror was excused by the trial court.

this particular line of questioning during voir dire. *Commonwealth v. Brightwell,* 492 Pa. 424, 425, 424 A.2d 1263, 1264 (1981). At Appellant's second post-conviction hearing, trial counsel testified that he did not view the defendant's case as involving racially sensitive issues. N.T., October 3, 1991 at 41, 55. The Appellant, a black male, was accused of murdering Ms. Lewis, a black female. Trial counsel testified that as a result of his view, he did not want to create a racial issue and "paint it as a black-white case." N.T., October 3, 1991 at 42–43. The fact that one juror volunteered his prejudice against blacks does not alter the reasonableness of trial counsel's strategy. Thus, Appellant was not denied effective assistance of counsel and is not eligible for PCRA relief on this basis.

## C. FAILURE TO OBJECT TO PART OF THE JURY INSTRUCTIONS

 Appellant's third argument on appeal is that trial counsel was ineffective for not objecting to part of the trial judge's instruction on the issue of witness credibility. The trial judge stated the Commonwealth had "very frankly and forthrightly" disclosed the existence of a plea agreement between the Commonwealth and a Commonwealth witness. N.T., October 9, 1984 at 21. Appellant claims that this comment improperly bolstered the credibility of the Commonwealth witness, intruded into the jury's domain, and severely prejudiced Appellant. Once again, Appellant's argument has no merit.

The standard of review for the wording of a jury charge has often been stated:

> When evaluating jury instructions, the charge must be read as a whole to determine whether it was fair or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration.

*Commonwealth v. Prosdocimo,* 525 Pa. 147, 150, 578 A.2d 1273, 1274 (1990). Furthermore, this Court "will not review a charge to the jury by focusing on one or two words taken out

of the context within which they were spoken." *Commonwealth v. Stokes*, 532 Pa. 242, 252, 615 A.2d 704, 709 (1992).

In the instant matter, Appellant has focused on a phrase taken completely out of the context in which it was spoken. The two paragraphs prior to the contested phrase discuss how to determine credibility. The paragraph containing the contested phrase reads as follows:

> Now, the Commonwealth says to you *very frankly and forthrightly*, that [it] made what is known as a plea agreement with respect to the outstanding criminal charges of robbery against [the witness]; and that, in effect, the Commonwealth is saying that, because of [the witness'] testimony in this case against [Appellant], we acknowledged the fact that we are going to recommend to the Court that in return for that, [the witness] be given certain leniency, if you will, by the Court at the time of sentence. The [Appellant] argues to you that [the witness] has sold his testimony; that [the witness] is testifying against [Appellant] only because he has made a deal with the Commonwealth; and, therefore, his testimony has a price tag attached to it and is not worthy of belief or credibility.

N.T., October 9–10, 1985 at 21–22 (emphasis added). The trial judge then proceeds to discuss the propriety of plea agreements under federal and state law and the fact that sentencing has not yet been imposed on the Commonwealth witness. Finally, the trial judge states:

> But, from your point of view, what you have to decide is, to what extent, if any, does the making of that plea bargain affect the credibility, the believability, the truthfulness of [the witness]?

N.T., October 9–10, 1985 at 23.

After reading this charge in its entirety, we are convinced the trial court's instruction was presented clearly, adequately, and accurately, and did not prejudice Appellant. Consequently, Appellant's trial counsel cannot be found ineffective for not objecting to the charge and Appellant is not entitled to PCRA relief.

## D. FAILURE TO OBJECT TO PROSECUTION'S CLOSING ARGUMENT

■ Appellant's fourth and final argument on appeal is that trial counsel was ineffective for failing to object to portions of the prosecution's closing argument during the penalty phase. Appellant asserts that the failure to object to these remarks resulted in the imposition of an illegal sentence of death because the prosecutor's remarks had severely prejudiced the jury. Appellant's argument, however, has no merit.

This Court has previously held that "[t]he Commonwealth, during the sentencing phase of a capital case, must be afforded 'reasonable latitude' in arguing its position to the jury ... and may employ 'oratorical flair' in arguing in favor of the death penalty." *Commonwealth v. Basemore*, 525 Pa. 512, 528, 582 A.2d 861, 869 (1990), *cert. den.,* —— U.S. ——, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992). The Commonwealth is also entitled to fairly respond to closing remarks made by trial counsel. *Commonwealth v. Hall,* 523 Pa. 75, 565 A.2d 144 (1989); *Commonwealth v. Clayton,* 516 Pa. 263, 532 A.2d 385 (1987), *cert. den.,* 485 U.S. 929, 108 S.Ct. 1098, 99 L.Ed.2d 261 (1988).

In the instant case, Appellant's trial counsel made these closing remarks during the penalty phase:

[I]f you give [Appellant] a life term imprisonment, he is not a threat to the community; he is not a threat to you; and more than likely, he is going to remain in jail all of his life. If you feel you must punish him, punish him in that manner.

N.T., October 9–10, 1984 at 34. The Commonwealth responded with these allegedly prejudicial remarks:

I want to speak to you now on behalf of the prison guards, the social workers, the teachers, the nurses, the refuse haulers, the ordinary people that have to work in a prison. These people need protection too ... Will he stop? That's what you have to ask yourselves. Will he stop in prison, or who is going to be next? It that the kind of man who will do it again? ... Do you think that he is the type of man who would try to use force to escape from prison ... Do

you want to put those sheriffs, those pedestrians on the street [in danger]; do you want to take that chance?

N.T., October 9–10, 1984 at 36–37.

After comparing these particular remarks, as well as the remainder of the parties' closing arguments, we are convinced that Appellant was not prejudiced by this portion of the Commonwealth's closing argument. The Commonwealth argued its position, employed oratorical flair, and fairly responded to remarks made by Appellant's trial counsel. Moreover, we do not believe the cases cited by Appellant compel us to hold otherwise. *Compare Brooks v. Francis,* 716 F.2d 780 (1983) (prosecutor created "frenzied and emotional setting" and did not respond to trial counsel remarks); *Commonwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984) (prosecutor told jury their lives were threatened); *Commonwealth v. Chambers,* 528 Pa. 558, 599 A.2d 630 (1991) (prosecutor cited Bible as independent source of law justifying imposition of the death penalty). As such, trial counsel cannot be found to have rendered ineffective assistance of counsel, and Appellant is not eligible for PCRA relief.

Accordingly, the Order of the Court of Common Pleas of Delaware County is affirmed.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of ROLF LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.