J-S44026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARIO LOUIS DUNCAN | |
| Appellant | No. 38 WDA 2014 |

Appeal from the PCRA Order December 3, 2013
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000601-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 04, 2014**

Mario Louis Duncan appeals from the order of the Court of Common Pleas of Armstrong County dismissing his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

The trial court summarized the relevant facts as follows:

[Duncan] was charged by information filed September 21, 2012, with the following crimes:  [a]ggravated [a]ssault . . . [d]elivery of [c]ontrolled [s]ubstance . . . [p]ossession of [d]rug [p]araphernalia . . . [t]ampering with or [f]abricating [p]hysical [e]vidence . . . and [e]scape.  [Duncan] entered a plea of guilty to one count of [a]ggravated [a]ssault on [February 7, 2013].  In exchange for the plea, the Commonwealth agreed to *nolle pros* the remaining counts of the information and recommend a sentence with a minimum of two years and a maximum of four years' incarceration, to be served concurrently with the sentence

_____

[1] 42 Pa.C.S. §§ 9541-9546.

then being served by [Duncan] at Armstrong County No. 2008-0470 . . . .

At sentencing on April 30, 2013, the Commonwealth complied with the plea agreement and recommended a sentence of two to four years, to run concurrently with [Duncan's] prior state sentence. However, after one of the victims, Detective Frank Pitzer, testified that he would oppose the sentence, [Duncan] immediately told his counsel that he was innocent of the crimes charged and wished to withdraw his guilty plea and proceed to trial. With the consent of the Commonwealth, the [c]ourt permitted the withdrawal.

Two days later, on May 2, 2013, [Duncan] again entered a plea of guilty to one count of [a]ggravated [a]ssault. In the plea agreement, the Commonwealth agreed to *nolle pros* the remaining charges and recommend a sentence of 27 to 54 months, to run concurrently with [Duncan's] prior state sentence. [Duncan] also again completed a guilty plea questionnaire and testified that he understood its contents.

[Duncan] for the second time was scheduled for sentencing on May 9, 2013. At the sentencing hearing, the [c]ourt imposed a sentence of 27-54 months, to run concurrently with [Duncan's] state sentence at No. 2008-0470, which was the sentence recommended by the Commonwealth in the plea agreement. [Duncan] also was given 319 days' credit for time served.

[Duncan] later was informed by the Commonwealth Department of Corrections that, pursuant to the Parole Act of 1941, [Duncan] could not begin to serve the sentence imposed in this case until he either finished serving the maximum sentence imposed at No. 2008-0470 or was re-paroled at that number. [Duncan] then filed a *pro se* motion for post-conviction collateral relief on July 10, 2013. The [c]ourt appointed counsel and scheduled a hearing on the [m]otion. [Duncan's] counsel filed an amended [m]otion for post-conviction collateral relief on September 16, 2013 . . . .

At the hearing on October 24, 2013, [Duncan] testified that when he agreed to enter a plea of guilty to [a]ggravated [a]ssault, he was not aware that the concurrent sentence recommended by the Commonwealth and imposed by the sentencing court was an impossibility. He further stated that had his counsel made him aware of the fact that his parole would be revoked and he would have to either serve the maximum

- 2 -

sentence at No. 2008-0470 or be re-paroled before the current sentence would begin to run, he would not have entered the guilty plea and instead would have attempted to negotiate something better into the plea agreement.

Trial Court Opinion, 12/3/13, at 1-5.

Duncan filed this timely appeal following the court's denial of his PCRA petition, raising two issues for our review:

1. Did the PCRA court make a mistake in law or fact by denying [Duncan's] petition for post-conviction relief?

2. Is [Duncan] entitled to a sentence modification based upon ineffective assistance of counsel?

Appellant's Brief, at 5.

When reviewing an appeal from the denial of PCRA relief, an appellate court "consider[s] whether the post-conviction court's findings are supported by the record and are free from legal error." *Commonwealth v. Riga*, 70 A.3d 777, 780 (Pa. 2013).

To be eligible for relief under the PCRA, Duncan must prove by a preponderance of the evidence that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011). "In order to succeed on an ineffectiveness of counsel claim, 'appellant must establish that the underlying claim is of arguable merit, counsel's course of action lacked any reasonable basis for

- 3 -

advancing his client's interests, and appellant has suffered prejudice as a result.'" **Commonwealth v. Prince**, 719 A.2d 1086, 1089 (Pa. Super. 1998) (citing **Commonwealth v. Griffin**, 644 A.2d 1167, 1172 (Pa. 1994)). "If appellant can prove that counsel misinformed him about the consequences of his plea, the claim would have arguable merit." **Commonwealth v. Lippert**, 85 A.3d 1095, 1101 (Pa. Super. 2014). Furthermore,

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

**Id.** at 1100.

Here, Duncan pled guilty to aggravated assault based on counsel's assurances that he would be allowed to serve his 2012 sentence concurrently with his 2008 sentence. During the plea hearing, the prosecution stated:

> There is [a plea agreement] your Honor. And that plea agreement states that in exchange for the defendant's plea of guilty to count number one, aggravated assault, felony of the second degree, an offense gravity score of six, and that's based on a prior record score of a repeat felon, your Honor, the district attorney will withdraw the remaining citations, *nolle pros* the remaining charges, and recommend at the time of sentencing

- 4 -

incarceration of 27 months to 54 months to be served in a state correctional institute.  The sentence **to be served concurrent with** the sentence he is presently serving.

N.T. Guilty Plea, 5/2/13, at 14 (emphasis added).

At sentencing, the court stated, "I will make that [No. 0601 of 2012] **concurrent** with No. 0470 of 2008, Armstrong County."  N.T. Sentencing, 5/9/13, at 11 (emphasis added).  Clearly, Duncan entered his plea with the belief that he would serve his sentences concurrently.  Moreover, at the PCRA hearing Duncan testified that trial counsel, Debra L. Yost, Esquire stated, "Mr. Duncan, they're going to give you a plea of two to four running **concurrent** with the time that you're serving," before he signed the first plea agreement.  N.T. PCRA Hearing, 10/24/13, at 10 (emphasis added).

We must first determine whether Attorney Yost misled Duncan about the consequences of his plea.  This Court examined this question in **Commonwealth v. Barndt**, 74 A.3d 185 (Pa. Super. 2013).  The deciding factor in that case, like this one, was the distinction between the failure to mention a collateral consequence of a guilty plea to a defendant and misleading a defendant about the collateral consequences of a guilty plea.  Barndt's defense counsel told him that by pleading guilty he would only lose eleven months of backtime he had already served on parole.  Upon losing forty-one months of backtime, Barndt filed a PCRA petition, which the court denied.  On appeal, this Court held:

> As clear as our case law is that counsel's omission to mention a collateral consequence of a guilty plea does not constitute ineffectiveness of counsel, it is equally clear that counsel's

assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client according about those consequences, without regard to whether the consequences in question are "direct" or "collateral."

*Barndt*, *supra* at 196.

This Court also addressed the difference between misleading a client and omitting information in *Lippert*, *supra*. In that case, "[Lippert] pled *nolo contendere* to indecent assault on May 3, 2012 [after Lippert's attorney told him that he would avoid sex offender registration]. On December 20, 2011, Pennsylvania enacted SORNA which characterized his crime as a tier one offense requiring registration." *Id.* at 1001. This Court held that while SORNA was not yet in effect, but already in place, counsel should have known of its consequences and his incorrect assessment was grounds for a claim of ineffective assistance of counsel.

The facts of *Lippert* bear a close resemblance to the facts in the matter before us. Like the attorney in *Lippert*, Attorney Yost should have been aware of the possible consequences of the Parole Act of 1941 on Duncan's sentence, essentially, that Duncan's proposed sentence according to his plea bargain was an impossibility.[2] Accordingly, Duncan's claim of ineffectiveness has arguable merit. *Lippert*, *supra*.

_____

[2] Section 6138(a)(5) of the Prisons and Parole Code provides in relevant part:

> If a new sentence is imposed on the parolee, the service of the
> balance of the term originally imposed by a Pennsylvania court

*(Footnote Continued Next Page)*

Next, we must determine whether any reasonable basis existed for Attorney Yost's actions. Due to Attorney Yost's ignorance of relevant sentencing law, her advice was unsound and devoid of any reasonable basis designed to effectuate Duncan's interests. *Barndt*, *supra* at 199.

Finally, we must decide whether Duncan has pleaded and proved that trial counsel's ineffectiveness caused him prejudice. "In this context, prejudice may be established by demonstrating a reasonable probability that appellant would have opted to go to trial rather than plead guilty had he been given legally sound advice." *Id.* at 199-200. Here, Duncan testified that he would not have accepted the plea agreement had he known the sentences could not be served concurrently. N.T. PCRA Hearing, 10/24/13, at 15. Rather, he would have renegotiated his plea. *Id.* Duncan never stated that he would have proceeded to trial had he known that his sentences could not be served concurrently.[3] Nor did Duncan request to

---

*(Footnote Continued)* ─────────────

shall precede the commencement of the new term imposed in the following cases:

If a person is paroled from a state correctional institution and the new sentence imposed on the person is to be served in the state correctional institution.

61 Pa.C.S. § 6138(a)(5).

[3] To assume otherwise, as the Dissent suggests, would ask this Court to put words in Duncan's mouth that are unsupported by the record. It is not within the province of this Court to divine what an appellant or an appellee might have said or done under hypothetical circumstances. Accordingly, the prejudice standard proposed by the Dissent is not appropriate here.

withdraw his guilty plea on appeal.[4]  Because Duncan avers that he would have renegotiated his plea bargain as opposed to withdrawing his guilty plea and going to trial, he fails to establish prejudice and we are constrained to affirm the order of the PCRA court.

Order affirmed

BENDER, P.J.E., files a Dissenting Memorandum.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2014

---

[4] In **Barndt**, **supra**, **Commonwealth v. Hickman**, 799 A.2d 136 (Pa. Super. 2002), and **Commonwealth v. Rathfon**, 899 A.2d 365 (Pa. Super. 2006), defendants who were misled about the collateral consequences of their guilty pleas also requested to withdraw their guilty pleas.