J-S06027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES BEATTY | |
| Appellant | No. 463 EDA 2014 |

Appeal from the PCRA Order September 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009500-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 26, 2015**

Charles Beatty appeals from the order of the Court of Common Pleas of Philadelphia County dismissing his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  Upon review, we affirm.

This matter arises from an altercation in which Beatty physically assaulted and burglarized the victim and her friend.  On June 3, 2010, Beatty appeared before the Honorable Earl E. Trent, Jr., and entered a negotiated guilty plea to burglary, theft, possession of an instrument of crime, and simple assault.  N.T. Guilty Plea Colloquy, 6/3/10, at 4-8, 10.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

The court sentenced Beatty to an aggregate term of two to four years' incarceration, to be followed by five years' probation.

On March 3, 2011, Beatty filed a *pro se* PCRA petition. Appointed counsel filed an amended petition, challenging the voluntariness of Beatty's guilty plea. The PCRA court dismissed Beatty's petition on September 30, 2013. Beatty did not appeal.

On December 20, 2014, Beatty filed a second PCRA petition, challenging the effectiveness of PCRA counsel for failing to file an appeal. On January 27, 2014, the PCRA court granted the petition and reinstated Beatty's right to appeal the denial of his first PCRA petition *nunc pro tunc*. This timely appeal followed.

On appeal, Beatty raises the ineffectiveness of his trial counsel. Specifically, Beatty claims that counsel failed to explain the impact of a guilty plea on his probation status. We note, however, that Beatty provides no evidence he is on probation or that his guilty plea resulted in a probation violation causing his probation to be revoked.

When reviewing an appeal from the denial of PCRA relief, an appellate court "consider[s] whether the post-conviction court's findings are supported by the record and are free from legal error." **Commonwealth v. Riga**, 70 A.3d 777, 780 (Pa. 2013). To be eligible for relief under the PCRA, Beatty must prove by a preponderance of the evidence that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no

reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011). "In order to succeed on an ineffectiveness of counsel claim, 'appellant must establish that the underlying claim is of arguable merit, counsel's course of action lacked any reasonable basis for advancing his client's interests, and appellant has suffered prejudice as a result.'" *Commonwealth v. Prince*, 719 A.2d 1086, 1089 (Pa. Super. 1998) (citing *Commonwealth v. Griffin*, 644 A.2d 1167, 1172 (Pa. 1994)). "If appellant can prove that counsel misinformed him about the consequences of his plea, the claim would have arguable merit." *Commonwealth v. Lippert*, 85 A.3d 1095, 1101 (Pa. Super. 2014).

Here, Beatty signed a written colloquy form that specifically stated,

The guilty plea may violate my probation or parole. Therefore, in addition to my sentence in this case, I can get more time in jail for a violation of my probation or parole. [ . . .] The sentence on this guilty plea may not run concurrent to a state sentence for a parole violation.

Written Guilty Plea Colloquy, 6/3/10. Additionally, at trial, counsel conducted a thorough oral colloquy confirming that Beatty had reviewed the form with counsel several times – in prison and at the courthouse immediately prior to trial – and that counsel had answered all of Beatty's questions regarding pleading guilty. A defendant may not obtain post-conviction relief "by asserting that he lied while under oath."

- 3 -

*Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). Because Beatty testified under oath that he had reviewed the form, which outlined the probation implications of his plea, he may not now contradict his sworn testimony in order to obtain relief.

Furthermore, counsel cannot be deemed ineffective in the case *sub judice* because she had no duty to inform Beatty of the collateral consequences of his plea. *Commonwealth v. Barndt*, 74 A.3d 185, 195-96 (Pa. Super. 2013) ("Counsel's omission to mention a collateral consequence of a guilty plea does not constitute ineffective assistance of counsel." "The prospect of probation revocation as a consequence of a given plea is a collateral consequence of that plea."). Accordingly, Beatty's claim is meritless and we deny him relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/26/2015

- 4 -