J. S27010/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ROBERT WATKINS, : No. 652 EDA 2014
:
Appellant :

Appeal from the PCRA Order, January 27, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0000449-2012

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 29, 2015**

Appellant, Robert Watkins, appeals the order of the Court of Common Pleas of Delaware County, dismissing his first petition brought under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On November 3, 2011, appellant was charged with possession with intent to deliver a controlled substance in violation of 35 P.S. § 780-113(a)(30), former convict not to own a firearm, in violation of 18 Pa.C.S.A. § 6105, and related offenses.  Appellant filed a motion to suppress, and a hearing was held on October 4, 2012; the motion was denied on December 6, 2012.  In the interim, on November 21, 2012, appellant filed a petition for nominal bail pursuant to Pa.R.Crim.P., Rule 600(A)(2), (E),

_____

* Former Justice specially assigned to the Superior Court.

42 Pa.C.S.A., and the motion was denied following a hearing on December 11, 2012.

Thereafter, appellant entered a negotiated guilty plea to possession with intent to deliver a controlled substance and former convict not to own a firearm. (Notes of testimony, 12/11/12 at 25-27.) On December 11, 2012, the trial court imposed the negotiated, concurrent sentences of 36 to 72 months of incarceration for each charge. Appellant did not file a direct appeal, however, he filed a timely *pro se* PCRA petition. On April 16, 2013, the PCRA court appointed counsel on his behalf. On June 17, 2013, counsel filed an amended PCRA petition. A hearing was held on October 23, 2013; both appellant and trial counsel testified. The sole issue argued was regarding the alleged ineffectiveness of trial counsel in failing to advise appellant of the effect entering a guilty plea would have on his state parole in other matters. The PCRA court denied the petition on January 27, 2014.

On February 25, 2014, appellant filed notice of appeal. (Docket #34.) Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion. The sole issue presented for our review is the following:

> I. Was the Trial Court in error for denying Defendant's [PCRA] alleging ineffectiveness of counsel for his failing [sic] to advise of supervision violations as a result of the Guilty Plea entered in this matter?

Appellant's brief at 4.

When reviewing an appeal from the denial of PCRA relief, an appellate court "consider[s] whether the post-conviction court's findings are supported by the record and are free from legal error." **Commonwealth v. Riga**, 70 A.3d 777, 780 (Pa. 2013). To be eligible for relief under the PCRA, appellant must prove by a preponderance of the evidence that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). In order to succeed on an ineffectiveness of counsel claim, "Appellant must establish that the underlying claim is of arguable merit, counsel's course of action lacked any reasonable basis for advancing his client's interests, and Appellant has suffered prejudice as a result." **Commonwealth v. Griffin**, 644 A.2d 1167, 1172 (Pa.Super. 1994), appeal denied, 663 A.2d 687 (Pa. 1995) (citations omitted). "Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa.Super. 2011).

Appellant's suggestion, that counsel was required to inform him of the collateral consequences his guilty pleas would have on another case for which he was under supervision, is incorrect. "If appellant can prove that counsel <u>misinformed</u> him about the consequences of his plea, the claim

would have arguable merit." **Commonwealth v. Lippert**, 85 A.3d 1095, 1101 (Pa.Super. 2014). However, counsel cannot be deemed ineffective for <u>failing to inform</u> a defendant of the collateral consequences of his plea, as counsel has no such duty. **Commonwealth v. Barndt**, 74 A.3d 185, 195-196 (Pa.Super. 2013) ("Counsel's omission to mention a collateral consequence of a guilty plea does not constitute ineffective assistance of counsel." "The prospect of probation revocation as a consequence of a given plea is a collateral consequence of that plea.").

> [A] defendant's lack of knowledge of the collateral consequences of pleading guilty does not undermine the validity of his guilty plea. The collateral consequences of pleading guilty are both numerous and remote. Most importantly, they are irrelevant to the determination of whether a guilty plea was entered voluntarily or knowingly.

**Id.** at 193, quoting **Commonwealth v. Frometa**, 555 A.2d 92, 93 (Pa. 1989), **abrogated in part**, **Padilla v. Kentucky**, 559 U.S. 356 (2010).[1]

Moreover, the record belies appellant's assertion. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradicts the statements he made at his plea colloquy."

---

[1] The United States Supreme Court in **Padilla** found that plea counsel has an obligation to advise a defendant if a conviction subjects him or her to deportation. **Padilla**, 599 U.S. at 360. Finding that **Padilla** addressed only the narrow issue of deportation, our Supreme Court in **Commonwealth v. Abraham**, 62 A.3d 343 (Pa. 2012), found that the holding did not abrogate the direct versus collateral consequence analysis established in **Frometa**. **Id.** at 350.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa.Super. 2011). At the PCRA hearing, appellant acknowledged that he signed a written colloquy form that specifically stated that a plea of guilty was the same as if he had been found guilty after a trial. (Notes of testimony, 10/23/13 at 16.) The written form appellant signed also specifically stated that if he were on probation or parole, there would be consequences for pleading guilty and violating such condition. (***Id.***) At the PCRA hearing, however, appellant explained that at the guilty plea hearing he was "really emotional. And [he] just went right through [the written colloquy.] And [he] just didn't have time to read [the written colloquy.]" (***Id.*** at 16.) As appellant testified under oath that he had reviewed the form, which outlined the implication on his parole by pleading guilty, he may not now contradict his sworn testimony in order to obtain relief. ***See Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003).

Additionally, at the PCRA hearing, counsel testified that he had numerous conversations with appellant concerning that a conviction in the instant case would result in further violations of his parole. The PCRA court credited this testimony and found appellant was fully aware of this consequence. (***Id.*** at 16-29; trial court opinion, 11/19/14 at 3.)

Accordingly, appellant's claim is meritless, and we deny him relief.

Order affirmed.

J. S27010/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/2015