**COMMONWEALTH of Pennsylvania**

v.

**Robert FISHER, III, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 7, 2004.

Filed Dec. 2, 2004.

Nathan C. Wolf, III, Carlisle, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

BEFORE: FORD ELLIOTT, BECK, and POPOVICH, JJ.

OPINION BY FORD ELLIOTT, J.:

¶ 1 Robert Fisher, III, appeals the order entered December 12, 2003, disposing of his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. For the reasons that follow, we affirm.

¶ 2 Following a jury trial, Fisher was convicted of simple assault, recklessly endangering another person, and two counts of aggravated assault.[1] Fisher was found not guilty of criminal attempt to commit murder.[2] He was sentenced on June 11, 2002 to an aggregate sentence of 6½ to 15 years' imprisonment. No direct appeal was filed.

¶ 3 On April 22, 2003, Fisher filed a *pro se* PCRA petition raising issues regarding the ineffective assistance of his trial counsel. Specifically, he claimed that the trial court had erred by submitting written instructions to the jury while it deliberated and that trial counsel was ineffective for failing to object to this submission. The PCRA court appointed James K. Jones, Esq., to represent Fisher during PCRA proceedings. A hearing was held and Fisher's trial counsel, Arla Waller, Esq., testified. On November 7, 2003, Attorney Jones filed an *Anders* brief, referring to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking to withdraw on the basis that Fisher's claim had no merit.[3] On December 12, 2003, the PCRA court simultaneously denied counsel's motion to withdraw and denied Fisher's petition for PCRA relief. The PCRA court issued an opinion acknowledging the potential merit of Fisher's claim but maintaining the appropriateness of Attorney Waller's actions at trial.

■ ¶ 4 On January 12, 2004, Fisher filed a notice of appeal;[4] on January 16, 2004, he filed a statement of matters complained of on appeal, raising the following issue:

WAS TRIAL COUNSEL INEFFECTIVE WHEN SHE FAILED TO OBJECT TO THE TRIAL COURT'S ERROR IN SUBMITTING WRITTEN JURY INSTRUCTIONS IN THE FORM OF HANDWRITTEN NOTATIONS ON THE VERDICT SLIP?

Fisher's brief at 4.

■ ¶ 5 Our standard of review for an order denying post-conviction relief looks to whether the record supports the PCRA court's determination and whether it is free of legal error. *Commonwealth v. Kutnyak,* 781 A.2d 1259, 1261 (Pa.Super.2001). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

---

1. 18 Pa.C.S.A. § 2701(a)(2); 18 Pa.C.S.A. § 2705; 18 Pa.C.S.A. § 2702(a)(1) and (4).

2. This was the second time appellant was tried on these charges; his first trial resulted in a hung jury.

3. We were unable to locate counsel's *Anders* brief in the certified record. We note, however, that we are presently confronted with a matter under the PCRA rather than a direct appeal. Therefore, the appropriate method for withdrawal is a *Turner* brief, the counterpart to an *Anders* brief in the arena of collateral attack, referring to *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988).

4. Fisher's PCRA counsel changed due solely to an administrative change. (*See* Fisher's brief at 6.)

*Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001).

¶ 6 In addition, as Fisher alleges the ineffectiveness of counsel, he must establish: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Griffin,* 537 Pa. 447, 457, 644 A.2d 1167, 1172 (1994). We presume counsel is effective and place upon appellant the burden of proving otherwise. *Id.* Trial counsel cannot be found ineffective for failing to pursue a baseless or meritless claim. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). Once it is determined that counsel's choice of tactic had some reasonable basis designed to effectuate his client's interests, the court's inquiry into ineffectiveness ends. *Commonwealth v. Clemmons,* 505 Pa. 356, 361, 479 A.2d 955, 957 (1984).

¶ 7 Our review indicates that Fisher's argument lacks merit. Fisher claims that in an effort to provide the jury panel with a way to "differentiate between aggravated assault counts, [the trial court] handwrote notations on the verdict slips for the aggravated assault charges." (Fisher's brief at 5.) The trial court marked the two aggravated assault verdict slips; on one verdict slip, underneath the typewritten words "aggravated assault," the trial court wrote in the term "bodily injury"; and on the second slip, underneath the typewritten words "aggravated assault," the trial court wrote in the words "serious bodily injury." (*See* docket entries # 19 page 1, 2.) Fisher claims the notations on the verdict slips are written instructions which could have prejudiced Fisher. At the PCRA hearing, Fisher testified that he believed that the notations were made after the jury asked the trial court to re-read the instructions; the notes of testimony from trial, however, do not indicate when the text was written. (Notes of testimony, 10/20/03 at 6.)

¶ 8 At the PCRA hearing, Attorney Waller testified that she was unaware of the written notations. (*Id.* at 17.) She stated that even if she would have known of the writing on the jury slips, she would not have objected as she did not feel the information constituted jury instructions. (*Id.*) She explained that the writing "just differentiate[d] between the two different subsections of the statute." (*Id.*) The trial court, likewise, explained in its 1925(a) opinion that it made the notations because without a written description of the two different types of aggravated assault charges, the court was "at a loss as to how the jury could have distinguished the two [charges when completing the verdict slips.]" (Trial court opinion, 12/12/03, at 2.)

¶ 9 Fisher directs our attention to Pa. R.Crim.P. 646, which reads as follows:

(A) Upon retiring, the jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph (B).

(B) During deliberations, the jury shall not be permitted to have:

(1) a transcript of any trial testimony;

(2) a copy of any written or otherwise recorded confession by the defendant;

(3) a copy of the information;

(4) written jury instructions.

Pa.R.Crim.P. 646.[5]

¶ 10 Fisher also relies primarily on *Commonwealth v. Oleynik,* 524 Pa. 41, 568 A.2d 1238 (1990). In *Oleynik,* the Penn-

---

5. Formerly Rule 1114, Pa.R.Crim.P.

sylvania Supreme Court found that the submission of written instructions to the jury during deliberations was unfairly prejudicial and granted a new trial on that basis. *Id.* at 46, 568 A.2d at 1241. Fisher acknowledges that the facts in *Oleynik* are distinctly different. In *Oleynik,* the trial court submitted written instructions to the jury consisting of definitions of third degree murder and involuntary manslaughter as well as instructions pertaining to legal causation. *Id.* at 43, 568 A.2d at 1239. The *Oleynik* court explained that allowing jurors permission to take in written instructions could cause the jury to resort to its interpretation of the written instructions without seeking further instructions from the judge to resolve their questions. *Id.* at 47, 568 A.2d at 1241. "When an issue is resolved by further instructions from the court, that procedure insures that misconceptions are not permitted to infect the deliberative process." *Id.*

¶ 11 Fisher argues that while the instant written notations seem innocuous on their face, the underlying principle in *Oleynik* applies; that is, the written notations were supplied to the jury during deliberations after they asked the trial court to answer three questions, including one that involved the distinction between the two aggravated assault counts. (Appellant's brief at 9.)

¶ 12 We find no merit to Fisher's argument. At the outset, we note that Rule 646 is not controlling on the issue of submission of a verdict slip to a jury. The verdict slip is not in the prohibited class of items under the rule. *See Commonwealth v. Kelly,* 484 Pa. 527, 399 A.2d 1061 (1979) ("We are satisfied that sending out with the jury a verdict slip with identifying notations is not prohibited by Rule [646], Pa.R.Crim.P. Here where there were numerous separate and distinct charges against appellant, we find no abuse of the trial court's discretion in concluding that there was a need for the identifying notations.").

¶ 13 Nor do we agree that the handwritten notations on the verdict slips resembled "written jury instructions." The forms gave no instructions regarding legal issues or the manner in which the jury should conduct their deliberations. Nor did the notations refer to evidence introduced at trial. The notations were completely neutral and served to distinguish the two different charges of aggravated assault. We fail to see how the text at issue was suggestive or prejudicial.

¶ 14 We find the facts of the instant case similar to those in the recent case of *Commonwealth v. Johnson,* 572 Pa. 283, 815 A.2d 563 (2002). In *Johnson,* the trial court sent in written directions to assist the jury in filling out the complicated jury form. *Id.* at 317–318, 815 A.2d at 583. The Pennsylvania Supreme Court held, "the [*Oleynik* ] situation is obviously distinguishable from the present case, where the instructions did not contain an articulation of points of law, but merely explained to the jury how to fill out the verdict slip." *Id.* at 318, 815 A.2d at 583. The *Johnson* court found that the directions simply detailed the procedure of how to fill out the verdict slip and the instructions were not subject to interpretation that could have prejudiced the defendant. *Id.* at 319, 815 A.2d at 584.

¶ 15 Thus, we find the court's notations on the verdict slips differentiating which slip was for which crime charged cannot be said to be "written instructions" to the jury and we cannot find trial counsel ineffective for failing to object. We will not disturb the PCRA court's denial of relief.

¶ 16 Order affirmed.